O’Brien, J.
This is an action by a receiver in supplementary proceedings to recover funds on deposit in defendant bank, alleged to be the property of the judgment debtor, and which, after notice of appointment and demand, the: defendant refused to pay over to the plaintiff.
In March, 1887, Henry Ward Beecher died, leaving an. estate of real and personal property, and a last will, which was subsequently admitted to probate, and under which Herbert Foote Beecher, the judgment debtor, became-entitled to one-fourth of the estate as legatee. About December, 1887, the executors having sold the personal estate, deposited $10,000 of the proceeds with defendant in an account, entitled “Estate of Henry Ward Beecher,”' against which all drafts were to be by check of Henry B. or William G. Beecher, “as executor.”
In January, 1888, the executors made a distribution among legatees, and apportioned about $5,000 thereof as the share of the judgment debtor. After the payment of some-claims against the judgment debtor, one of the executors drew and signed, as executor, another check against said account, dated January 30, 1888, for $2,286.92 (the balance due) to the order of judgment debtor, and mailed this check tollina to Port Townsend, Washington Territory, where he resided. This check was not certified by the bank, nor was it, paid until March 10, 1888. On February 1, 1888, a third, party order was obtained and served, containing usual injunction, and on February 2, the cashier of the bank was examined thereunder and proceedings thereafter-adjourned, so that the injunction order was continued in force until March 21, 1888. On February 4, 1888, plaintiff was appointed receiver of the property of judgment debtor, and a certified copy of the order of appointment was served on the bank. Subsequently and before the-check was paid in March, during all which period there was on deposit .from time to time funds sufficient to pay the-check sent to judgment debtor, the plaintiff gave to defendant full notice of the claim made, and demanded the pay *385 ment to him of the $2,286.92, as the property of the judgment debtor.
Upon these facts is the plaintiff entitled to recover?
The bank relies principally on' the case of ACtna National Bank v. Fourth National Bank (46 N. Y. 82), wherein certain principles are enunciated relative to the duties and obligations of banks of deposit. It is therefore the settled law of this State that checks being inland bills of exchange impose no obligation upon the drawees until accepted, and1 that the contract and obligation of the bank is to and with' the depositor and not the holder of the check, and that the relation of banker and customer in respect to deposits is that, of debtor and creditor, deposits belonging to the bank as a part of its general funds. The depositor’s own right is a chose in action. As regards the holder of a check, the bank cannot be said to have any trust fund or property of which it is the trustee for the check holder as cestui que trust {Id:). _
That case further holds that a check is not a lien in law or equity, nor does it operate as a transfer or assignment of the funds on deposit until accepted by the bank. It is clear, therefore, that if plaintiff predicated his cause of action on the naked claim that the funds on deposit were the property of the judgment debtor to the extent of $2,286, because a check against such funds had been drawn in favor of the judgment debtor, the case of ACtna Bank v. Fourth would be conclusive against him. Under such circumstances, no privity would exist between the judgment debtor and the bank, and therefore the receiver could not maintain an action. As I view it, however, the facts present a very different question, involving, as was stated in Van Alen v. American National Bank (52 N. Y. 1), not a question of privity, but a question of title. And unless the $2,286 of the funds on deposit in said account belonged to the judgment debtor, and was in the possession or due from the bank, to the judgment debtor, then, although a demand was made,, the plaintiff would not be entitled to receive that amount; *386 from the bank. The deposits being in the name of the executor, were funds held in trust for the judgment debtor and other legatees, and as soon as his share in them was fixed and set aside he would seemingly be entitled to the-possession.
The case of Van Allen v. American Bank is authority for the proposition that the title of plaintiff does not depend on whether the bank had or had not knowledge of plaintiff’s title. The very character of the account and the fact that checks were to be signed as executor, gave notice to the bank that deposits made were trust funds. The usual relation of debtor and creditor existing between a bank and its depositors, and the well settled rule that the money deposited generally with the banker becomes the money of the depositary, do not apply to deposits of trust funds. A fund deposited only becomes a debt due from a depositary to depositor “ where it does not appear that the fund was impressed with any trust ” (Attorney General v. Continental Life Ins. Co., 71 N. Y. 325, 332).
As stated in Baker v. N. Y. National Bank (16 Abb. N. C. 458), “ When the bank was notified that the money belonged to the plaintiff, it did not lie in its mouth to set up want of privity.’’ “ Where the account is a trust fund 'known to be such by the bank the cestui que trust can follow that fund, and on refusal of bank to pay, maintain an action against the bank ” (Id.).
The executors were bound to distribute the estate, and it would appear from the authorities that as soon as they apportioned the respective shares of the legatees, such shares became vested in the legatees, and the executors were thereupon divested of any title therein. The judgment debtor’s title to his apportioned share did not vest in him' by virtue of the check, but by virtue of the will. It is true he would not be entitled to possession until the same was .set apart, but when the apportionment by the executors was made, and his share was fixed and identified, he was entitled tío its possession. The check drawn by the executor to the *387 order of judgment debtor, while of itself it conferred no right of action, yet in view of the receiver’s prior claim, and the grounds thereof, that additional evidencé should have put the bank upon inquiry which would have resulted in showing that the receiver’s claim was not entirely groundless.
If I am correct in my conclusion that to the extent of Ms share when apportioned, the fund in the account in the bank belonged to the judgment debtor, the same vested in the receiver, and the bank having received notice, should not, after such notice and demand, have paid the same over to any one other than plaintiff. The bank was in no perilous position. The law • affords ample protection and suggests a means by which if it choose it could relieve itself from any liability. Instead of paying out the money after demand and notice, it could have retained the same or deposited it in court, and been entirely released.
It would seem as though the right of interpleader was intended, for just such a case. The bank was not called upon to determine who was entitled to this fund, and it could have relieved itself of any responsibility in the manner above indicated, but having undertaken to determine the question with a knowledge of the facts, and after due notice, if it has reached a wrong conclusion it must assume the responsibility.
Upon the facts I am of opinion that the plaintiff is entitled to judgment against the defendant.
Judgment accordingly.